Scott, C.J.
The plaintiff in error was indicted under the 22d section of the crimes act, for forgery, in falsely making, and in uttering and passing as true and genuine, a false and forged order for the delivery of goods and chattels, of the following tenor:
“Dayton, Sept. 14, ’60.
“ Messrs. Langdon & Bro. :
“ Gents — Let the bearer have one of your smallest, with load, and charge to me. R. Chambers.”
In two counts of the indictment this written instrument is alleged to be an order for the delivery of goods and chattels, to wit, for the delivery of a pistol with a load; and in the third count it is styled simply an order for the delivery of goods and chattels.
The plaintiff in error moved to quash this indictment, for the reason that the instrument set out in the indictment, and alleged to have been forged, is not an order for the delivery of goods and chattels. This motion was overruled, and the plaintiff in error having, on trial, beeD found guilty by the verdict of the jury, moved in arrest of judgment, for the-same reason. This motion was also overruled, and the plaintiff in error was sentenced to imprisonment in the penitentiary...
*414 As the evidence offered on the tidal is not disclosed by thg record, the assignments of error present only the question, whether the plaintiff in error, under any state of the proof, -could be properly convicted of forgery, as he stood charged, in falsely making and uttering the instrument set out in the indictment. Is it on its face, or could it by extrinsic evidence be shown to be, an order for a pistol, or for goods and chattels of any kind?
The instrument set out in the indictment is clearly not an order for the delivery of goods generally. If its terms have any meaning, they call for a single thing, “one of your smallest, with load.” The relative size of the article is thus specified, but its genus or species is left undefined by any name or description whatever. There is no apparent reason for calling this writing an order for the delivery of a pistol, rather than for the delivery of a gun, a wagon, a wheelbarrow, a horse, or anything else, which might contain, or carry, a load of any kind.
There are many cases, no doubt, in which extrinsic facts may give a character and meaning to a written instrument, ■which its terms would not otherwise naturally import. But where such facts are necessary to make the writing what it is • charged to be, the indictment should, at least, contain the propei’ inuendoes.
In the case of Rex v. Cullen, Moody’s Crown Cases, 300, the prisoner was indicted for uttering a certain forged request for the delivery of goods, in the following terms:
“Per bearer, 2 V counterpanes.
“T. Davies.
“ 88 Aldgate. “E. Twell.”
Although it waa shown by the proof, that such orders were common in the business of the parties whose names were .signed to the writing, yet it was held by all the judges present, that words “per bearer” did not necessarily import "send per bearer;” they might mean “I have' sent per bearer,” and that there ought to have been an inuendo to ex .plain them.
*415 And in cases where there is no apparent connection between the terms of the instrument, and the character or meaning' sought to be given to it, such extrinsic facts must' be stated in the indictment as will show that the party whom it was intended to deceive might reasonably understand it in the sense attributed to its terms. The people v. Stearns, 21 Wend. R., 409.
But we have been referred by counsel for the state to several authorities which are supposed to justify the conviction in this case. Perhaps the one most analogous to the present case, is that of Rex v. Elliot, 1 Leach’s Crown Law, in which the prisoner was indicted for forging “ a certain promissory note for the payment of money, with intention to defraud the Bank of England.” The note was of the following tenor:
“No. 17.78. — I promise to pay to Mr. Joseph Crooke, or bearer, on demand, the sum of Fifty £, Fifty. London, the 20th day of June, 1775.
For G-ov’r and Company of the Bank of England.
Ent’d, C. Blewert. Tho. Thompson.”
The prisoner was, in this case, found guilty by the jury, •and the judge held the verdict legal.
But, that case, if we admit the decision to have been proper, •differs from the present. There was, on the margin of the note, the word Fifty,, preceded by the ordinary character representing' pounds, the tenor of the note, it was said, imported .a promise to pay some money, by a company, whose peculiar traffic was in cash, and whether for pounds or shillings, would make no difference in the offense. The case is cited in 2 Russell on Crimes, 348, where it is said that “ all the judges agreed, that the “ fifty,” in the margin of it, removed every doubt, and showed that the fifty, in the body of the note, was intended for fifty pounds.”
And so in the ease of The State v. Dourden, 2 Devereaux, 443 — where the prisoner was indicted for passing a forged bill of the State Bank of- North Carolina. The forgery in this case, consisted in altering a genuine one dollar bill, by *416 erasing the figure 1, at the top of the bill, near the left corner, and placing in its stead, the figures 20.
The word “ one,” in its body, was erased, and the word-dollar was altered, by adding the letter s to it, so as to make it read dollars.
It was said by the court, that, in this shape, the body of the bill, without more, could not give it the character of a bank note, for the want of a sum expressed; but this defect was regarded as supplied by the figures in the margin.
In both these cases, the instruments set out in the indictment, had, upon their faces, a clear reference to money; they-were promises to pay; they purported to be issued by institutions whose special business was dealing in money; and the amounts for which they severally called, were clearly shown.-, by what appeared upon the face of each, looking to both body and margin.
But, in the case before us, tfye alleged order contains not the slightest reference to a pistol, either by word, or sign of any kind. The indictment contains no inuendo as to its meaning, nor any statement of extrinsic facts, tending to-show it to be, as charged, “ an order for the delivery of a pistol.” It is not even averred that the parties to whom it was addressed, were dealers in pistols. The character of the-, instrument must, therefore, be determined by its terms alone, which are so utterly indefinite, incomplete, and unmeaning,., as not to bring the case within the operation of'the statute.

Judgment reversed.

Sutliff, Peck, Gholson, and Brinkerhoff, JJ., concurred.